*NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
THE PLASTIC SURGERY CENTER, as   :
authorized representative of Patient RF,  :
                                 :
         Plaintiff,              :
                                 :         Civil Action No. 3:13-cv-02536
    v.                           :         (FLW) (DEA)
                                 :
BLUE CROSS BLUE SHIELD OF        :         **OPINION**
MICHIGAN,                        :
                                 :
         Defendant.              :
_____ :

**WOLFSON, United States District Judge**:

Plaintiff's one count Complaint asserts a claim for improper denial of benefits pursuant to Section 502(a) of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132. Presently before the Court is Defendant Blue Cross Blue Shield of Michigan's ("Defendant") motion to dismiss The Plastic Surgery Center's ("Plaintiff") Complaint pursuant to Fed. R. Civ P. 12(b)(1)-(3) & (6). For the following reasons, the Court, pursuant to 28 U.S.C. § 1404(a), transfers this matter to the United States District Court for the Eastern District of Michigan.

I.    **FACTUAL BACKGROUND AND PROCEDURAL HISTORY**

The following facts are taken from the Complaint and Defendant's affidavits submitted along with its motion to dismiss. Matthew R. Kaufman ("Kaufman") and Russell L. Ashinoff ("Ashinoff") are plastic surgeons certified by the American Board of Otolaryngology and associated with Plaintiff, a New Jersey professional corporation. Compl., ¶¶ 1-3. On March 5, 2010, Ashinoff assisted Kaufman in performing a phrenic nerve surgery on Patient RF, a resident

1

of St. John, Michigan, at St. Peter's Medical Center in New Brunswick, New Jersey. Id. at ¶¶ 4, 13. At the time, Defendant provided healthcare coverage for Patient RF. Id. at ¶ 5.

Plaintiff submitted a claim on Patient RF's behalf to Defendant for the services provided in the amount of $87,169.00, which was received by Defendant on April 28, 2010.[1] Id. at ¶¶ 15-16. On May 15, 2010 and October 1, 2010, Defendant made payments to Patient RF totaling $5,237.90, which Patient RF then paid over to Plaintiff. Id. at ¶ 17. $81,931.10 was left unpaid. Id. at ¶ 18. On January 17, 2012, as the Designated Representative, Plaintiff bought an appeal before Defendant for the procedures performed by Kaufman, demanding a minimum payment of $49,140.00. Id. at ¶ 22. Defendant did not respond to the appeal. Id. at ¶ 23. On April 19, 2013, Plaintiff filed a Complaint in this Court alleging improper denial of benefits pursuant to Section 502(a) of ERISA, 29 U.S.C. § 1132. On June 4, 2013, Defendant then filed the instant motion to dismiss under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction, Rule 12(b)(2) for lack of personal jurisdiction, Rule 12(b)(3) for improper venue, and Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Plaintiff opposes Defendant's motion in its entirety, but, as explained in the ensuing analysis, acknowledges that alternative venue in the Eastern District of Michigan is proper.

**II.    STANDARD OF REVIEW**

Pursuant to Federal Rule of Civil Procedure 12(b)(3), a district court may dismiss an action for improper venue. See Fed. R. Civ. P. 12(b)(3). The burden to show improper venue is

---

[1] The services provided by Plaintiff were "out-of-network" under Defendant's coverage of Patient RF. Comp. ¶ 8. Prior to rendering services to Patient RF, Defendant denied pre-certification of the surgery via letter dated February 12, 2010. Id. at ¶ 9. On February 25, 2010, Defendant reversed its decision and approved the surgery after Plaintiff provided Defendant with medical records, sources of information and studies on the nature and benefits of the surgery, and the expected positive outcome for Patient RF. Id. at ¶ 10.

2

on the moving party. Myers v. Am. Dental Ass'n, 695 F.2d 716, 724-25 (3d Cir. 1982). In ruling on a Rule 12(b)(3) motion, courts "accept as true all of the allegations in the complaint, unless those allegations are contradicted by the defendants' affidavits." Bookman v. First Am. Marketing Corp., 459 Fed. App'x 157 n.1 (3d Cir. 2012) (citing Pierce v. Shorty Small's of Branson Inc., 137 F.3d 1190, 1192 (10th Cir. 1998)). The Federal Rules of Civil Procedure do not contain any specific venue provisions or requirements. The Court must determine whether venue is proper in accordance with the appropriate statutes when deciding a motion to dismiss for improper venue. Albright v. W.L. Gord & Associates, Inc., No. 02-304, 2002 WL 1765340, at *3 (D.Del. July 31, 2002) (citations omitted). In that connection, Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), provides:

> When an action under this subchapter is brought in a district court of the United States, it may be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found, and process may be served in any other district where a defendant resides or may be found.

ERISA plans are considered to be administered where the plans are managed under a plain and ordinary meaning of the term "administer." Tyson v. Pitney Bowes Long-Term Disability Plan, No. 07-3105, 2007 WL 4365332 (D.N.J. 2007) (considered the daily administration of a plan and maintenance of plan records in deciding where the plan was administered).

### III. DISCUSSION

Defendant argues, inter alia, that venue is improper in New Jersey and the Complaint should be dismissed because the plan is administered in Michigan, Patient RF resides in Michigan, the plan employer participant resides in Michigan, the payment decision was made in Michigan, and Defendant is found in Michigan. Plaintiff acknowledges that the Eastern District of Michigan would be an appropriate alternative venue but nevertheless opposes Defendant's

3

motion to dismiss on that ground.  However, should the Court be inclined to address Defendant's venue arguments, Plaintiff requests that the Court transfer the matter to the Eastern District of Michigan rather than dismissing its Complaint outright.  Given that the parties dispute whether venue is appropriate in New Jersey, but acknowledge that venue could lie in Michigan, and for the additional reasons set forth below, the Court finds that this matter should be transferred to the Eastern District of Michigan.  See Jumara v. State Farm Ins. Co., 55 F.3d 873, 877, n.3 (3d Cir. 1995) (holding it proper for district court to invoke § 1404(a) to transfer venue sua sponte, notwithstanding that motion sought outright dismissal of the action, where it was possible to determine an alternative appropriate venue); Grier v. University of Pennsylvania Health Sys., No. 07-2475, 2007 WL 2900394 (D.N.J. 2007) (same).

Under 28 U.S.C. § 1404(a), district court is vested with discretion "to adjudicate motions to transfer according to an individualized, case by case consideration of convenience and fairness."[2]  Stewart Organization, Inc. v. Ricoh Corp., 487 U.S. 22, 23 (1998) (quoting Van Dusen v. Barrack, 376 U.S. 612, 616 (1964)).  Specifically, section 1404(a) provides: "for the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district . . . where it might have been brought." 28 U.S.C. § 1404(a).  In that regard, the purpose of section 1404(a) is to protect litigants, witnesses and the public against unnecessary inconvenience and expense.  Van Dusen, 376 U.S. at 616.

When deciding whether transfer is appropriate, "courts have not limited their

---

[2]  I note that while ERISA contains a specific provision relating to venue, *see* 29 U.S.C. § 1132(e)(2), courts facing transfer motions in ERISA matters nonetheless proceed under the traditional 28 U.S.C. § 1404(a) analysis.  See, e.g., Santomenno v. Transamerica Life Ins. Co., No. CIV.A. 11-736 ES, 2012 WL 1113615 (D.N.J. Mar. 30, 2012); Green v. Equifax Info., LLC, No. CIV.A . 10-244 (MLC), 2010 WL 1742112 (D.N.J. Apr. 28, 2010); Bd. of Trustees, Sheet Metal Workers Nat. Fund v. Baylor Heating & Air Conditioning, Inc., 702 F. Supp. 1253, 1257 n.13 (E.D. Va. 1988).

consideration to the three enumerated factors in § 1404(a) (convenience of the parties, convenience of witnesses, or interests of justice)." Jumara v. State Farm Ins. Co., 55 F.3d 873, 879 (3d Cir. 1995). Instead, courts consider "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interest of justice be better served by transfer to a different forum." Id.; see also Clark v. Burger King Corp., 255 F. Supp. 2d 334, 337 (D.N.J. 2003). Consequently, the "analysis is flexible and must be made on the unique facts of each case." Calkins v. Dollarland, Inc., 117 F. Supp. 2d 421, 428 (D.N.J. 2000) (citing Piper Aircraft Co. v. Reyno, 454 U.S. 235, 249-50 (1981)).

The first step in a court's analysis of a motion to transfer is to determine whether venue would be proper in the proposed transferee district. Clark, 225 F. Supp. 2d at 337. If so, the court must next establish whether the transfer is in the interest of justice by looking to "the private and public interests affected by the transfer." Id.; see also Gulf Oil v. Gilbert, 330 U.S. 501, 508-509 (1946) (evaluating private and public interest factors effected by transfer).

With respect to the threshold question of whether venue is proper in the proposed transfer district, as stated above, Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2), governs the determination of venue in ERISA cases and provides that venue is proper in the district where the plan is administered. Here, both parties agree that administration of the plan took place in Michigan, and, specifically, Plaintiff admits, without objection from Defendant, that the Eastern District of Michigan is an appropriate venue for its claim.[3] Thus, the Court finds that venue in the Eastern District of Michigan is proper.

The next step in my analysis is to determine whether the private and public interests under Jumara support transfer. Beginning with the private interests, these include: the plaintiff's

---

[3] Moreover, Patient RF is a resident of Michigan.

forum preference; the defendant's forum preference; whether the claim arose elsewhere; the convenience of the parties as indicated by their relative physical and financial condition; the convenience of the witnesses but only to the extent that the witnesses may actually be unavailable for trial in one of the fora; and the location of books and records. Jumara, 55 F.3d at 879.

Plaintiff initiated this action in New Jersey, but now suggests that it be transferred to the Eastern District of Michigan. Courts have considered a plaintiff's choice of forum as a significant factor in any determination of a transfer request. Shuttle v. Armco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970) (internal quotation marks omitted). Notwithstanding that Plaintiff originally selected New Jersey as its choice of forum, Plaintiff acknowledges that the Eastern District of Michigan is an equally appropriate venue. Therefore, this factor weighs in favor of transfer.

The Court must also consider the convenience of the parties and witnesses. Here, Defendant operates within Michigan and Patient RF resides in Michigan, so Michigan is a convenient forum for their purposes. While the surgery was conducted in New Jersey and Plaintiff is a New Jersey professional corporation, it is Plaintiff who suggests transfer to Michigan. Moreover, because this is a claim for improper denial of benefits under ERISA, the relevant inquiry will be where the breach took place, i.e., where the decision to deny benefits occurred. See 29 U.S.C. 1132(e)(2); see also Tyson v. Pitney Bowes Long-Term Disability Plan, No. 07-3105, 2007 WL 4365332, at *3 (D.N.J. Dec. 11, 2007). Here, it appears that the alleged breach occurred in Michigan, where Defendant is located. For these reasons, the Court finds that Michigan is a convenient forum for this matter and weighs in favor of transfer.

Lastly, the Court must consider the location of books and records. Maintenance of plan

records occurred in Michigan rather than in New Jersey, and neither party has identified any difficulty with reproducing records should this matter be transferred. Accordingly, I find that this factor also supports transfer.

Turning to the public factors, I must consider: "the enforceability of the judgment; practical considerations that could make the trial easy, expeditious, or inexpensive; the relative administrative difficulty in the two fora resulting from court congestion; the local interest in deciding local controversies at home; the public policies of the fora; and the familiarity of the trial judge with the applicable state law in diversity cases." Jumara, 55 F.3d at 879-80 (internal citations omitted). Neither party has argued or suggested that any of the private interest factors would preclude transfer. Furthermore, review of these factors, to the extent they are applicable, reveals no basis for finding transfer inappropriate.

After consideration of both the private and public interest factors given by the Third Circuit in Jumara, the Court finds that transfer of this matter to the Eastern District of Michigan is appropriate.

**IV. CONCLUSION**

For the foregoing reasons, the Court transfers this matter to the United States District Court for the Eastern District of Michigan, pursuant to 28 U.S.C. § 1404(a). Accordingly, the Court declines to address the other grounds for Defendant's motion to dismiss, to wit, lack of subject matter and personal jurisdiction, and failure to state a claim upon which relief can be granted.

An order will be entered consistent with this Opinion.

Dated: October 23, 2013  /s/ Freda L. Wolfson
Freda L. Wolfson, U.S.D.J.